East'n. District.
*June*, 1826.

BARGEBUR
& AL.
*vs.*
THEIR CREDI-
TORS.

When the ce-
sion is accepted
and a syndic
appointed, the
insolvent has no
power to affect
the rights of the
creditors who
voted for syndics
and bring the
proceedings be-
fore the court.

The tableau
of distribution
cannot be homo-
logated till the
creditors are ci-
ted, and this
should appear
on the record.

4ns620
107  238

*BARGEBUR & AL.* vs. *THEIR CREDITORS.*

APPEAL from the court of the first district.

PORTER, J., delivered the opinion of the court. This appeal is taken from a decision homologating the tableau of distribution, filed by the syndic.

The first error assigned is, that the opposition filed by the appellants to the cession was improperly overruled in the court below.

The proceedings before the notary, by which the cession of goods was accepted and a syndic appointed, took place on the third day of January. On the fourteenth, opposition was filed, and fraud alleged in the insolvent. The court refused to admit the opposition, because it was not made within the ten days following the appointment.

The appellants contend, that this case forms an exception to the general rule, because the time for making opposition was extended, by a rule taken by the insolvent, on the 7th of that month, calling on the creditors and all others to show cause, on or before the twenty-first, why the proceedings should not be homologated.

East'n. District.
June, 1826.

BARGEBUR
& AL.
vs.
THEIR CREDI-
TORS.

This step was entirely unnecessary; the statute declares that the proceedings before the notary do not require homologation. It may therefore be well questioned whether such irregular notice could dispense with the condition on which the statute declares the opposition may be admitted, even if the rule had been taken by a person authorised to do so.

But we are of opinion, that the cession once made and accepted, and a syndic appointed, the insolvent could not, by an act of his, affect the rights of the creditors who had voted for the syndic. He had no authority to take such a rule, or in any way control the proceedings after they were returned into court.

The second error assigned is, that ten days' notice was not given the creditors to oppose the tableau of distribution.

No evidence appears on the record, in regard to the notices or publications which the law requires to be given. The judge below has prevented us from presuming any thing in favor of the judgment, by certifying that the record contains all the matters on which the

BARGEBUR
& AL.
*vs.*
THEIR CREDI-
TORS.

case was decided. It follows then that the tableau was confirmed, without evidence being laid before the court that the creditors were called in according to law. This was irregular.

It is therefore ordered, adjudged, and decreed that the judgment of the district court, confirming the tableau of distribution, be annulled, avoided, and reversed; and it is further ordered, adjudged, and decreed that this case be remanded, to be proceeded in according to law, the appellee paying the costs of this appeal.

*Watts & Lobdell* for the plaintiffs, *Peirce* for the defendants.